[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14338
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00223-GAP-DAB


POLLY R. GRANGER,
THOMAS E. GRANGER,
her husband,

                                        Plaintiffs - Appellants,

                    versus


KELLY C. WILLIAMS,
JENNIFER SHAFFER,
KEVIN THERIAULT,
MICHAEL BROUILLETTE,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 18, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

The Appellees' April 22, 2014, "Amended Motion for Clarification" is granted, and this Court's Opinion dated April 18, 2014, is amended to read as follows:

Plaintiffs were arrested by defendants Williams, Shaffer and Theriault, all City of New Smyrna Beach police officers, for violating Fla. Stat. § 856.011(3), Disorderly Intoxication.  Plaintiffs thereafter brought this fifteen-count lawsuit against those three defendants and Officer Michael Brouillette and the City of New Smyrna Beach asserting federal and state law claims.[1]  The federal claims were brought against Williams, Shaffer and Theriault in Counts I through IX of the complaint and against the City in Count XV under 42 U.S.C. § 1983 based on their alleged infringement of plaintiffs' rights under the First and/or Fourth Amendments (and presumably under the Fourteenth Amendment) to the United States Constitution.  The state law claims were brought against Williams, Theriault and Brouillette in Counts X through XIV.[2]

On motion to dismiss, the District Court, in an order entered on March 26, 2012, held that Plaintiffs failed to allege facts sufficient to support a plausible

---

[1]  The District Court had jurisdiction over these claims under 28 U.S.C. § § 1331 and § 3443, and the state law claims under 28 U.S.C. § 1367.

[2]  Brouillette was named as a defendant only in Count XIV, a state law claim for slander.

inference that a city custom or policy existed which led to their alleged injury, and dismissed Plaintiffs' § 1983 claim against the City.  On motion for summary judgment, the District Court, in an order entered on August 19, 2013, held that the four police officers were entitled to qualified immunity, and dismissed Plaintiffs' § 1983 claims against them.  The court declined to exercise pendent jurisdiction over the state law claims and accordingly dismissed them without prejudice.

Plaintiffs appeal the District Court's dismissal of the § 1983 claims against the four officers, Williams, Shaffer, Theriault and Brouillette, and the court's dismissal of the state law claims.  What is before us is an appeal of the court's order appearing to grant the four officers summary judgment on the grounds of qualified immunity.  Since plaintiffs did not bring a § 1983 claim against Brouillette however, what we have is an order granting Williams, Shaffer and Theriault summary judgment on the basis of qualified immunity.  We have jurisdiction to review that order.  "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."  *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985).

We have thoroughly considered plaintiffs' arguments for the reversal of the District Court's qualified immunity rulings.  We find that their arguments lack

3

merit; for, as the District Court correctly concluded, the "Officers had arguable probable cause to arrest Plaintiffs for being involved in an altercation."  Order at 7.  Nor did the District Court abuse its discretion in declining to exercise pendent jurisdiction over the state law claims.  Accordingly, the District Court's judgment is affirmed.[3]

AFFIRMED.

---

[3] Regarding the Appellants' May 8, 2014, Petition for Rehearing En Banc as to the Court's Opinion dated April 18, 2014, no judge in regular active service on the Court having request that the Court be polled on that rehearing en banc, Fed. R. App. P. 35, the Appellants' Petition is DENIED.